*admitted 8/31/90*

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on May 31, 2011.

Present - Hon. Peter Tom, Justice Presiding,
Angela M. Mazzarelli
Rolando T. Acosta
Leland G. DeGrasse
Nelson S. Román,
                    Justices.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 28 2011 ★
BROOKLYN OFFICE

COGAN, J.

FILED
MAY 31 2011
SUP COURT, APP. DIV,
FIRST DEPT.

---------------------------------------x

In the Matter of Jordan W. Kapchan,
an attorney and counselor-at-law:

    Departmental Disciplinary Committee,    M-940
    for the First Judicial Department,
               Petitioner,

    Jordan W. Kapchan
    (OCA Atty. Reg. No. 1916758),
               Respondent.

---------------------------------------x

    The Departmental Disciplinary Committee for the First
Judicial Department, by Jorge Dopico, its Chief Counsel
(Naomi F. Goldstein, of counsel), having moved this Court on
April 14, 2011, for an order pursuant to 22 NYCRR 603.4(e)(1)(ii)
and (iii), immediately suspending respondent (who was admitted to
practice as an attorney and counselor-at-law in the State of New
York at a Term of the Appellate Division of the Supreme Court for
the First Judicial Department on April 16, 1984), from the
practice of law in the State of New York, based upon substantial
admissions under oath and other uncontested evidence of
professional misconduct which immediately threatens the public
interest,

    And respondent having submitted an affidavit in response to
the motion stating, inter alia, that he consents to the
Committee's request for his interim suspension,

    Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon, and upon
the Opinion Per Curiam filed herein, it is unanimously,

Ordered that the motion is granted and, pursuant to 22 NYCRR 603.4(e)(1)(ii), respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, and it is further,

Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of Title 22, Section 603.13, of the Rules of this Court, a copy of which is annexed hereto and made a part hereof.

ENTER:

Clerk

APPELLATE DIVISION SUPREME COURT FIRST DEPARTMENT
STATE OF NEW YORK

I, SUSANNA ROJAS, Clerk of the Appellate Division of the Supreme Court First Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on 05/31/2011 and that the same is a correct transcript thereof, and of the whole of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on 05/31/2011.

CLERK

SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT

MAY 31 2011

        Peter Tom,              Justice Presiding,
        Angela M. Mazzarelli
        Rolando T. Acosta
        Leland G. DeGrasse
        Nelson S. Román,      Justices.

----------------------------------------x

In the Matter of Jordan W. Kapchan,
an attorney and counselor-at-law:

    Departmental Disciplinary Committee        M-940
    for the First Judicial Department,
           Petitioner,

Jordan W. Kapchan,
           Respondent.

----------------------------------------x

Disciplinary proceedings instituted by the Departmental
    Disciplinary Committee for the First Judicial Department.
    Respondent, Jordan W. Kapchan, was admitted to the Bar of
    the State of New York at a Term of the Appellate Division
    of the Supreme Court for the First Judicial Department on
    April 16, 1984.

    Jorge Dopico, Chief Counsel, Departmental
    Disciplinary Committee, New York
    (Naomi F. Goldstein, of counsel), for petitioner.

    Michael A. Gentile, for respondent.

April 14, 2011

M-940

**IN THE MATTER OF JORDAN W. KAPCHAN, AN ATTORNEY**

PER CURIAM

Respondent Jordan W. Kapchan was admitted to the practice of law in New York State by the First Judicial Department on April 16, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

According to the Departmental Disciplinary Committee, for the past 20 years, respondent has acted as attorney, title closer and/or settlement agent in hundreds of real estate closings. Some of the responsibilities of a settlement agent is to ensure that the mortgage lender's instructions have been followed, to receive and disburse funds, and to accurately complete a HUD-1 Settlement Statement, which is an itemized list of the costs and fees associated with the closings and disbursements of loan proceeds.

Around 2007/2008 the Suffolk County District Attorney opened a mortgage fraud investigation focusing on fraudulent mortgages where the settlement agents falsely verified the information provided on the HUD-1 Statements. In a sworn statement given to the Suffolk County D.A. dated December 5, 2008, respondent implicated himself and others in mortgage fraud and, on March 20,

2

2009, he gave grand jury testimony, all of which led to the indictments of Arthur Cockett, an unlicensed mortgage broker, and Walter Crawford, the person who forwarded the loan transactions to Cockett. Crawford pleaded guilty, and Cockett went to trial. Pursuant to an immunity agreement, respondent testified at Cockett's trial and recounted the specifics of their various fraudulent mortgage transactions. Cockett was convicted of grand larceny, criminal possession of a forged instrument, scheme to defraud and falsifying business records.

Respondent is currently under investigation by the U.S. Attorney's for the Southern District of New York in connection with a federal investigation of mortgage fraud. Thus, respondent invoked his Fifth Amendment right against self-incrimination when he appeared before the Disciplinary Committee on February 8, 2011. During his testimony at Cockett's trial, however, respondent admitted that he aided Cockett in perpetrating mortgage fraud with respect to real property in West Babylon, Mastic Beach, and Freeport, New York. He conceded that he knowingly prepared and submitted to lenders HUD-1 Statements containing false information that Cockett provided to him in order to hide unauthorized disbursements and other falsehoods. He further admitted that had the lenders known how he and Cockett were diverting the loan proceeds, the mortgages would not have been funded.

The Committee now seeks respondent's immediate suspension from the practice of law pending resolution of disciplinary proceedings on the grounds that his conduct immediately threatens the public interest (22 NYCRR 603.4[e][1]); *Matter of Crispino*, 250 AD2d 24 [1998]). Section 603.4(e)(1) of the Rules of this Court provides that:

> An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:
>
> (ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or
>
> (iii) other uncontested evidence of professional misconduct.

The Committee has demonstrated through respondent's own substantial admissions under oath that he has committed acts of professional misconduct posing an immediate threat to the public interest. The Committee additionally argues that a separate ground for suspension is, that because an adverse inference may be drawn from respondent's invocation of his Fifth Amendment privilege against self-incrimination during his deposition, this qualifies as "uncontested evidence of professional misconduct" under 22 NYCRR 603.4(e)(1)(iii). While this Court has previously

4

drawn an inference against attorneys who have invoked the Fifth Amendment privilege (see *Matter of Zuber*, 71 AD3d 170 [2010]; *Matter of Snyder*, 71 AD3d 140 [2010]; *Matter of Muraskin*, 286 AD2d 186 [2001], we have done so in conjunction with other misconduct which, together, formed a basis for "uncontested evidence of professional misconduct." Thus, merely invoking one's Fifth Amendment right against self-incrimination should not serve as a separate ground for an interim suspension.

Accordingly, the Committee's motion is granted to the extent of immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4(e)(1)(ii), until such time as the disciplinary proceedings against respondent are concluded and until further order of this Court.

All concur.

Order filed.